Columbia, November, 1873.

HEARD NOVEMBER TERM, 1873.

## HUBBELL *vs.* COURTNEY.

In an action for specific performance, if the facts alleged by the complaint constitute a cause of action, it is error to decide the. case upon the pleadings and dismiss the complaint without affording the plaintiff an opportunity to offer her proofs.

An answer under the Code is not, as under the former practice in equity, to be taken as true until the plaintiff has had an opportunity to controvert its denials and allegations.

In an action for specific performance of a contract for the sale of land, it is not necessary to allege that the contract was in writing.

BEFORE GRAHAM, J., AT ORANGEBURG, JANUARY TERM, 1873.

This was an action by Mary M. Hubbell, against William C. Courtney, as executor, and George H. Sass and others, as devisees of Jacob K. Sass, deceased, for specific performance of a contract for the sale of a lot of land in the village of Orangeburg.

The plaintiff, by her complaint, alleged that Jacob K. Sass, in his life-time, agreed with the plaintiff, his sister, to sell to her the lot in question, at a price stated; that he put her in possession under the contract, and that the purchase money was paid, setting forth how it was paid.

The defendants, by their answer, denied the contract and payment of the purchase money. They set forth the facts as they understood them, and alleged that the plaintiff's occupation of the premises was merely permissive, and not under any contract of sale.

In February, 1872, the Court made an order, on motion of defendants' counsel, that the plaintiff reply to the new matter contained in the answer.

The plaintiff then filed a reply, in which she repeated, with more fulness and particularity, the allegations of her complaint.

The cause was placed on Calendar No. 1, and when it was called for trial the plaintiff moved that the issues be submitted to a jury—announced her readiness for trial, and to introduce evidence in support of her cause. The defendants objected to a trial by jury, and moved that the matters in issue be submitted to the Court, and that the complaint be dismissed.

The Court heard the argument, and reserved its decision; and on the 28th January, 1873, filed a decree, ordering that the complaint be dismissed.

The plaintiff appealed, on the following grounds:

I. Because His Honor erred in refusing the plaintiff a trial by a jury of the issues of fact herein, and in dismissing the action on the pleadings without evidence.

II. Because the decree erroneously alleges certain matters of fact as if contained in the pleadings, which are not therein contained, and which were not before the Court, (the argument having been on the sufficiency of the pleadings, and no evidence having been introduced on either side.)

III. Because His Honor erred in deciding adversely to the plaintiff a question as to the admissibility of testimony, before any opportunity was afforded to the plaintiff to offer evidence in support of her action, and has assumed in his decree that the plaintiff could only support her case by parol testimony, and that testimony her own; whereas her counsel were ready to produce competent evidence, outside of the plaintiff, in support of all the material allegations of the complaint and reply, but had not opportunity to do so.

IV. Because His Honor erred in deciding that the Statute of Frauds was fatal to the plaintiff, although the plaintiff alleged that the terms of her contract with the deceased, Jacob K. Sass, were in writing, and was ready to prove the said contract and its terms.

V. Because His Honor erred in deciding that there had been no part performance on the part of the plaintiff.

VI. Because His Honor erred in deciding that the contract of the plaintiff with the deceased was without consideration.

VII. Because His Honor erred in deciding that the plaintiff had no equity for a specific performance of the contract with the deceased.

*Izlar & Dibble,* for appellant.

*Miles,* contra.

Feb. 18, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The action was for the specific performance of a contract for the sale of land, the complaint alleging possession in the plaintiff, and the payment to, and acceptance by, the vendee, J. K. Sass, of the entire consideration of the sale. The defendants, the executor and devisees of the vendee, answered, denying the material facts alleged. Upon an order made by the Circuit Judge for

that purpose, the plaintiff interposed a reply, re-affirming, with more detail, the material facts alleged in the complaint. The decree appealed from dismissed the complaint, and was made before the plaintiff had been afforded an opportunity of introducing proofs to establish the facts alleged in the complaint and controverted by the answer.

After issue joined motions were simultaneously made on the part of plaintiff and defendant—that on the part of plaintiff for a trial by jury, and that on the part of defendant for a dismissal of the complaint. The validity of the plaintiff's appeal depends on the sufficiency of the pleadings on the part of the plaintiff to entitle her to judgment on the assumption of the truth of her averments.

The averments and denials of the defendant's answer are not to be considered as supporting the decree. An answer under the Code of Procedure differs from an answer under the former Chancery practice in this respect, that, in the latter case, the complainant made the defendant his witness as it regarded the matters demanded of him by way of answer, and the truth of the answer was accordingly assumed until disproved, while an answer under the Code cannot be taken to be true until an opportunity has been afforded to the plaintiff to controvert its allegations or denials.

The remark just made is inapplicable to the case of matters set up in an answer by way of counter-claim—the answer in such cases as it regards the matters of counter-claim having the force and effect of a cross complaint. (See Code of Procedure, Sections 171 and 176.)

The reply does not materially affect the present question, as, in substance and effect, it controverts the matter of the answer as to all material facts. The order requiring a reply was probably made under the second paragraph of Section 176 of the Code; but whether the answer contained "new matter constituting a defence by way of avoidance," so as to authorize an order requiring a reply, is not made a question here, and need not be considered. Had the defendants distinctly averred in their answer that the contract on which the plaintiff sought to recover was a parol contract, not in writing, it might have become a question whether the failure of plaintiff to controvert such fact in her reply would operate as an admission of its truth; but no such averment appears. The reply does not authorize any of the averments of the answer to be taken as true, and the question turns on the sufficiency of the plaintiff's pleadings.

The principal objection made by the decree to a recovery by plaintiff is, that plaintiff's alleged contract of sale is not in writing, in conformity to the Statute of Frauds. This objection cannot be sustained in the present state of the case. The fact that the complaint does not allege that the contract was in writing is not conclusive, for the plaintiff was not bound to plead that fact.—*Poag* vs. *Sandifer*, 5 Rich. Eq., 180.

The fact that the contract of sale was not in writing is nowhere admitted, either by the record or in any other manner, and we cannot assume such fact at the present stage of the case.

For the reasons just stated it is not necessary to consider whether the complaint makes a case for equitable relief, assuming that the contract was not in writing.

The decree considers certain questions of evidence, but that discussion was premature. The plaintiff had a right to shape her offers of proof, and would not be called upon to do so until a time and place of trial was afforded her. To undertake to criticize her proofs before they were offered tends to deprive her of the opportunity of shaping her offers of proof, and also to raise questions of the competency of evidence on purely speculative grounds.

The dismissal of the complaint was clearly erroneous, and should be set aside and the cause remanded for further proceedings.

*Moses,* C. J., and *Wright,* A. J., concurred.